DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss Plaintiff's appeal for tax year 2009 on the ground that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).[1]
The court discussed the Motion with the parties during a telephonic case management hearing December 1, 2010. Plaintiff appeared on her own behalf. Defendant was represented by Faith Derickson, an auditor with the Oregon Department of Revenue.
A review of Plaintiff's materials shows Defendant mailed Plaintiff a Notice of Proposed Adjustment and/or Distribution affecting her 2009 state tax return on March 23, 2010.[2] Plaintiff did not file a written objection with Defendant as provided in ORS 305.270(4)(b).
Under ORS 305.270(5)(b), Defendant's notice of proposed adjustment became final 30 days after the date of the notice, which in this case was April 22, 2010. Plaintiff then had 90 days in which to file an appeal with this court. ORS 305.280 (2) (providing in part that "[a]n appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the *Page 2 
date the notice of adjustment is final.") Plaintiff's 90-day appeal deadline was July 21, 2010.
Plaintiff filed her Complaint with this court on September 21, 2010, two months after the appeal deadline. This interval is longer than the 90 days required by ORS 305.280(2). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this _____ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon December 8, 2010. The Court filed and entered this documenton December 8, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] It is not entirely clear from the pleadings or the brief discussion the court had that the parties during the December 1, 2010, hearing, exactly what "subtraction" Plaintiff claimed that Defendant disallowed, but the parties did indicate that it had to do with domestic partner benefits. The court assumes that the "subtraction" concerns the fringe benefit exemption provided in OAR 150-316.007-(B), and that it most likely involves employee health insurance benefits. However, the specific item of adjustment is not important for purposes of the court's ruling on Defendant's Motion to Dismiss. *Page 1